Argued and submitted March 18, affirmed as modified August 17, reconsideration denied September 30, petition for review allowed November 16, 1988 (307 Or 145)

MARTINEZ et al,
*Respondents,*

*v.*

TANKERSLEY et al,
*Appellants.*

(85-0921C; CA A43833)

759 P2d 323

William H. Stockton, Hillsboro, argued the cause and filed the briefs for appellants.

D. Michael Dale, Hillsboro, argued the cause for

respondents. With him on the brief was Spencer M. Neal, Oregon Legal Services Corp. and Ginsburg, Gomez, and Neal, Hillsboro.

Before Warren, Presiding Judge, and Rossman and Deits, Judges.

WARREN, P. J.

## WARREN, J.

Plaintiffs, migrant farm workers and attorney employes of the Oregon Legal Services Corporation (OLS), sought injunctive relief against defendants, employers of the migrant workers. The trial court granted the injunction, which contained several conditions and awarded plaintiffs attorney fees under ORS 659.121. Defendants appeal only the award of attorney fees and the condition in the injunction that they may not require persons invited onto the premises to reveal the source of their invitation. Our review is *de novo*. ORS 19.125(3).

Defendants own and operate a farm on which migrant farm workers hired by defendants for seasonal work reside. Plaintiffs Martinez and Perez were employed by defendants and resided on the farm from June 26 to July 10, 1985. In early July, 1985, they invited plaintiffs Pallack, Escobedo and other OLS staff to visit them at the work camp to discuss legal problems. When the OLS employes attempted to visit the workers, defendants ordered them to leave the camp immediately, without inquiring who had invited them. Consequently, plaintiffs filed this action under ORS 659.121 and the Oregon Farmworker Access Act, ORS 659.280 to ORS 659.295. ORS 659.295 provides:

"It is an unlawful employment practice for an employer to expel or evict from housing referred to in ORS 659.280 to 659.295 or to discharge, demote, suspend from employment or in any other manner discriminate or retaliate against an employe or any member of the employe's household for the reason that the employe or any member of the employe's household has:

"(a) Reported or complained concerning possible violations of ORS 659.280 to 659.295; or

"(b) Conferred with or invited to residential areas, any authorized person or invited person.

"(2) Complaints may be filed with the Commissioner of the Bureau of Labor and Industries in the same manner as provided in ORS 659.040 to 659.110 and 659.121 for the enforcement of an unlawful employment practice. Violation of ORS 659.280 to 659.295 subjects the violator to the same civil and criminal remedies and penalties as provided in ORS 659.110 and 659.121. A person denied access under ORS 659.285 is a person aggrieved for purposes of ORS 659.121."

Plaintiffs obtained a temporary order, restraining defendants from denying OLS employes the right to visit farmworkers at the camp and from discriminating and retaliating against the persons who had extended the invitation. On August 29, 1985, the trial court issued a preliminary injunction. It provided for continuance of the temporary restraining order but, in addition, ordered that OLS staff could not be required to disclose the identity of their clients and other invitors.

At a show cause hearing for a permanent injunction, defendants acknowledged the farmworkers' statutory right to invite and meet with persons in the residential area of the camp but insisted that the preliminary injunction was wrong in holding they had no right to verify the invitation by asking visitors to identify who had invited them. On June 10, 1986, the trial court issued another order modifying the preliminary injunction and granted defendants the right to require persons coming on their property to disclose the identity of invitors.

At the trial, before a different judge, the court received testimony on the factual background of the action, although it agreed with defendants that the primary issue was whether the statute requires an invitee to disclose to a labor camp owner or operator the name of the invitor. The court concluded that the statute does not require disclosure. Paragraph 3 of the judgment provided:

> "Plaintiffs or other employees or agents of Oregon Legal Services Corporation shall not be required to disclose to defendants the identities of their clients or other invitors and may visit their clients or invitors without being accompanied, monitored or supervised in any matter by defendants or their agents, employees, or any other person acting in concert with defendants[.]"

It also granted a permanent injunction restraining defendants from discriminating and retaliating against farmworkers who invited OLS staff to the camp. The court awarded attorney fees to plaintiffs over defendants' objection that it was plaintiffs who insisted on the trial of facts, although it was unnecessary, because only the meaning of the statute was at issue.

ORS 659.285(1) provides:

> "Employers shall not restrict access by authorized persons or invited persons to any housing owned, rented or in any

manner controlled by the employer where employes are residing. Authorized persons or invited persons must announce their presence on the premises upon request."

ORS 659.280 provides, in part:

"(2) 'Authorized person' means government officials, medical doctors, certified education providers and county health care officials.

"* * * * *

"(4) 'Invited person' means persons invited to a dwelling unit by an employe or a member of the employe's family residing with the employe."

The bill originally permitted free and full access by the public to the housing areas of labor camps. The legislature, however, in response to landowners' objections regarding the protection of their property rights, narrowed the terms of the act to permit access to migrant workers' housing only by authorized and invited persons. As a consequence, a landowner can lawfully exclude or expel from a camp anyone who is unauthorized or has not been invited. Authorized or invited persons may be required to announce their presence on request.

To say that a landlord must allow access only to those who are authorized to enter or who have invitations from an employe or his family, but that he may not verify the existence of that invitation, simply makes no sense and is unnecessary to accomplish the legislative purpose to ensure access to invited persons. We hold that a landowner may verify the fact that a person coming on the property has been invited by a resident by requiring the invitee to reveal the source of the invitation. Plaintiffs argue that to require the invitee to reveal the identity of the invitor will result in harrassment or retaliation against the invitor. A sufficient remedy has been provided by the legislature, which anticipated that problem. ORS 659.295. The trial court erred in its interpretation of the statute.

The trial court further ordered that defendants may not interfere with plaintiffs' visits at the labor camp and provided for certain other conditions. Those parts of the judgment are not in issue on this appeal.

Defendants' only other assignment of error is that

the trial court should not have awarded attorney fees to plaintiffs. They argue that the issue before the trial court was one of statutory interpretation which required no trial. They argue that plaintiffs requested an unnecessary hearing on the facts and were, therefore, not entitled to attorney fees. Plaintiffs' complaint, however, was broader than defendants acknowledge. Although defendants are correct that the matter of statutory interpretation could have been resolved without evidence taking, plaintiffs never abandoned their claim that defendants had engaged in discriminatory and retaliatory practices and that it was necessary to enjoin such practices. The trial court properly received evidence on the question of whether defendants should be enjoined from retaliatory conduct. It did not err in awarding plaintiffs attorney fees.

Paragraph 3 of declaratory judgment is modified to read:

> "Defendants may require plaintiffs or other employes or agents of Oregon Legal Services Corporation to disclose the identities of the invitors. Plaintiffs or other employes or agents of Oregon Legal Services Corporation may visit the invitors without being accompanied, monitored or supervised in any matter by defendants or their agents, employes or any other person acting in concert with defendants";

otherwise affirmed.